UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN and JEREMY LEWIS,

       Plaintiffs,                                  Civil Action No.
                                                                   09-CV-14792

vs.

                                                      HON. MARK A. GOLDSMITH

CITY OF DETROIT, et al.,

       Defendants.
_____/

## OPINION AND ORDER DENYING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

### I. INTRODUCTION

Plaintiffs Kevin Lewis and Jeremy Morris are suing the City of Detroit, its police department, and several of its police officers, pursuant to 42 U.S.C. § 1983, alleging that their constitutional rights were violated when Defendants conducted a search of their residence pursuant to a deficient search warrant and then used the fruits of the search as the basis for criminal charges. Plaintiffs – former state court criminal defendants turned federal court civil plaintiffs – seek compensatory and punitive damages stemming from the alleged constitutional violations.

Now before the Court is Plaintiffs' motion for partial summary judgment. Invoking preclusion principles, Plaintiffs attempt to bar Defendants from litigating the issue of whether the search in question here was constitutional, contending that the issue was already litigated in state court and resolved in their favor. Defendants have filed a response brief; Plaintiffs have not filed a reply, and the time to do so has expired. The Court heard oral argument on May 12, 2011. For the reasons that follow, Plaintiffs' motion will be denied.

## II. BACKGROUND

Kevin Lewis and Jeremy Morris, the two plaintiffs in the present case, were charged in Wayne County Circuit Court with drug and firearm offenses, following the search of a residence pursuant to a warrant. Lewis and Morris moved to quash the search warrant, arguing that the affidavit supporting the warrant contained false statements that were made knowingly and intentionally or with reckless disregard for the truth. The circuit court held a three-day evidentiary hearing and dismissed the charges after finding that the warrant was unsupported by probable cause:

> Based on all the testimony, this Court does not believe that a drug buy was ever made at 9414 Ohio Street and is unsure whether a drug purchase was ever even attempted at that location.
>
> This Court believes that Officer McCloud intentionally, knowingly and recklessly provided false information in his affidavit for the search warrant.
>
> Officer McCloud inaccurately described a median in the middle of Ohio Street. He misrepresented the alleged tip he got from Officer Knox.
>
> Officer McCloud and Officer Benitez lied about the S.O.I. going into the house and Mr. Lewis following the S.O.I. out of the house.
>
> Officer McCloud misrepresented the amount of money given to the S.O.I. as $40 in the property log based on Officer Benitez and the S.O.I. both saying that the S.O.I. was given $10. And Officer McCloud refused to testify as to how much money the S.O.I. was given.
>
> For all of the reasons set forth above and all the contradictions . . . this Court believes the intentionally false information, there is no factual basis or probable cause for the issuance of a search warrant.
>
> The search warrant is void and set aside and all fruits of the illegal search are suppressed and these cases are dismissed.

Hr'g Tr. 18-19.

On December 8, 2009, Plaintiffs Kevin Lewis and Jeremy Morris brought this action against the police, alleging false arrest, unconstitutional confinement, conspiracy, malicious prosecution, malicious abuse of process, and intentional infliction of emotional distress. On

September 17, 2010, the case was reassigned from United States District Judge John Corbett O'Meara to the undersigned district judge. Before the case was reassigned, Judge O'Meara issued an order declining to exercise supplemental jurisdiction over the state law claims. Thus, only the federal claims remain.

### III.  ANALYSIS

Plaintiffs argue that Defendants are collaterally estopped from asserting in this case the defense that the search and arrests at issue were constitutional because, according to Plaintiffs, these issues were previously litigated and finally determined in the prior criminal proceeding. For the reasons that follow, the Court rejects Plaintiffs' argument.

Federal courts must apply collateral estoppel law of the state in which the federal court sits when determining whether a state court's judicial determination has preclusive effect in an action under 42 U.S.C. § 1983. Darrah v. City of Oak Park, 255 F.3d 301, 311 (6th Cir. 2001). The party invoking collateral estoppel bears the burden of proving that the doctrine applies. Cent. Transp., Inc. v. Four Phase Sys., Inc., 936 F.2d 256, 260 (6th Cir. 1991). The doctrine is intended to "relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication." Allen v. McCurry, 449 U.S. 90, 94 (1980). "Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." Id. Under Michigan law, collateral estoppel applies when the following requirements are satisfied: (1) the parties in both proceedings are the same or in privity, (2) there was a valid, final judgment in the first proceeding, (3) the same issue was actually litigated in the first proceeding, (4) that issue was necessary to the judgment, and (5) the party against whom preclusion is asserted, or its privy, had a full and fair opportunity to litigate the issue. United States v. Dominguez, 359 F.3d 839, 842 (6th Cir. 2004) (citing

People v. Gates, 452 N.W.2d 627, 630-631 (Mich. 1990)). Relatedly, "crossover estoppel" denotes a situation "where an issue adjudicated in a civil proceeding is claimed to be precluded in a subsequent criminal proceeding, or vice versa." Gates, 452 N.W.2d at 630. Crossover estoppel is permissible in Michigan. Barrow v. Pritchard, 597 N.W.2d 853, 856 (Mich. Ct. App. 1999).

The first requirement for collateral estoppel is commonly referred to as "mutuality of estoppel." Monat v. State Farm Ins. Co., 677 N.W.2d 843, 845-846 (Mich. 2004). "[M]utuality of estoppel requires that in order for a party to estop an adversary from relitigating an issue[,] that party must also have been a party, or a privy to a party, in the previous action." Lichon v. Am. Universal Ins. Co., 459 N.W.2d 288, 297-298 (Mich. 1990). In recent years, Michigan courts have relaxed the mutuality requirement; as the law currently stands, defensive use of collateral estoppel does not require mutuality. Defensive use of collateral estoppel denotes a situation where a defendant seeks to avoid re-litigating an issue that was previously defended successfully against the same plaintiff or the plaintiff's privy. See Monat, 677 N.W.2d at 850.

Offensive use of collateral estoppel, on the other hand, denotes the situation where a plaintiff seeks to avoid re-litigating an issue that was previously litigated successfully against a defendant or the defendant's privy. Offensive use of nonmutual collateral estoppel – unlike defensive use of nonmutual collateral estoppel – is not permissible in Michigan. See Burda Bros. Inc. Walsh, 22 F. App'x 423, 430 (6th Cir. 2001).

In the present case, Plaintiffs improperly attempt to invoke nonmutual offensive collateral estoppel. Plaintiffs, who were previously criminal defendants now turned civil plaintiffs, are attempting to preclude Defendants, the City of Detroit, its police department, and its officers – who were not parties to, or in privy with parties to, the previous criminal action – from re-litigating constitutional issues that were previously determined. The Sixth

Circuit, interpreting Michigan law, has flatly rejected the offensive use of collateral estoppel in this exact preclusion situation. See Burda Bros. There, a store selling fireworks was criminally charged with selling them illegally, and had its inventory temporarily seized by the police, pursuant to a search warrant that was later determined to be unsupported by probable cause and thus invalid. The store subsequently sued the police, among others, alleging civil rights violations under § 1983. The store, a criminal defendant turned civil rights plaintiff, tried to invoke collateral estoppel offensively to preclude the re-litigation of the probable cause issue. The Sixth Circuit reaffirmed the requirement for mutuality in the context of the offensive use of collateral estoppel, writing:

> This court has twice rejected an attempt to use collateral estoppel offensively against a defendant officer in a § 1983 action because the officer was not party to or in privity with a party to the earlier action. See Kegler v. City of Livonia, No. 97-2206, 1999 WL 133110 (6th Cir. Feb. 23, 1999) (unpublished decision), cert. denied, 527 U.S. 1037; Wallace v. Mamula, 93-3603, 1994 WL 389197 (6th Cir. Jul. 26, 1994) (unpublished decision). Since the defendants, sued here in their individual capacities, did not have a personal stake in the outcome of the earlier proceeding, plaintiffs may not use collateral estoppel offensively to preclude the relitigation of the validity of the search warrant executed on June 22, 1995. See, Kinslow v. Ratzlaff, 158 F.3d 1104, 1106 (10th Cir. 1998); Tierney v. Davidson, 133 F.3d 189, 195 (2d Cir. 1998); Kraushaar v. Flanigan, 45 F.3d 1040, 1050 (7th Cir. 1995).

22 F. App'x at 430.

A decision by another judge in this district, relying on Burda Brothers, has also held that a former criminal defendant turned civil § 1983 plaintiff cannot offensively invoke collateral estoppel to preclude the re-litigation of constitutional matters that were previously the subject of litigation as part of a prior criminal proceeding. See White v. Pelland, No. 07-CV-10962, 2008 WL 1735378 (E.D. Mich. Apr. 14, 2008). The plaintiff in White, the father of a homeschooled middle school student, filed a civil rights suit alleging that his residence was illegally searched pursuant to a search warrant that was not supported by probable cause, and that he was falsely arrested and maliciously prosecuted for truancy. Id. at *1. The state

5

court judge presiding over the criminal case against the father granted the father's motion to quash the search warrant and expunge the arrest. Id. at *9. In the subsequent federal civil rights case, the plaintiff-father attempted offensively to collaterally estop the police from litigating the probable cause issue in light of the state court's ruling in the prior criminal case quashing the search warrant and expunging the arrest. The court determined that the father could not offensively collaterally estop the re-litigation of the constitutional issue because offensive use of collateral estoppel requires mutuality, which is not present where a criminal defendant becomes a civil § 1983 plaintiff:

> The Sixth Circuit has recognized that suits under § 1983, a criminal-defendant-turned-civil plaintiff cannot offensively use collateral estoppel, because the police officers are not in privity for mutuality purposes with the prosecution in the criminal case. See Burda Brothers, Inc. v. Walsh, 22 F. App'x. 423, 430 (6th Cir. Oct.12, 2001) (unpublished) ("Since the defendants, sued here in their individual capacities, did not have a personal stake in the outcome of the earlier proceeding, plaintiffs may not use collateral estoppel offensively to preclude the relitigation of the validity of the search warrant"); Glass v. Abbo, 284 F. Supp.2d 700, 705 (E.D. Mich. 2003) (same).

Id. at *16.

Plaintiffs' argument that collateral estoppel principles may be invoked to prevent Defendants from litigating the probable cause issue in question in the present case is foreclosed by Burda Brothers and White. In Michigan, offensive use of collateral estoppel requires mutuality and, just as in Burda Brothers and White, police officers such as Defendants in the present case are not in privity for mutuality purposes with the prosecution in a state criminal case. Because mutuality is required but not present here, application of offensive collateral estoppel is impermissible.[1]

---

[1] Plaintiffs also argue that res judicata principles, in addition to collateral estoppel principles, apply to bar the re-litigation of the probable cause issue in this case. Plaintiffs are incorrect. Application of res judicata requires, among other things, that both actions involve the same parties or their privies, Adair v. State, 680 N.W.2d 386, 396 (Mich. 2004), a requirement that is unsatisfied here. See White, 2008 WL 1735378, at *16 ("police officers are not in privity for mutuality purposes with the prosecution in the criminal case").

## IV. CONCLUSION

Because neither collateral estoppel principles nor res judicata principles apply in the present situation, Plaintiffs' motion for partial summary judgment [docket entry 27] is denied.

SO ORDERED.

                                                s/Mark A. Goldsmith
                                                MARK A. GOLDSMITH
                                                United States District Judge

Dated: May 24, 2011
        Flint, Michigan

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 24, 2011.

                                                s/Deborah J. Goltz
                                                DEBORAH J. GOLTZ
                                                Case Manager